## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

AUTOFLEX LEASING-DALLAS I, LLC,

                    Plaintiff,

v.

AUTOFLEX, LLC and
GOVINDA ROMERO,

                Defendants.

Civil Action No. _____

## PLAINTIFF AUTOFLEX LEASING-DALLAS I, LLC'S COMPLAINT AND REQUEST FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff Autoflex Leasing-Dallas I, LLC ("Plaintiff" or "Autoflex") files this its Complaint and Request for Injunctive Relief against Autoflex, LLC and Govinda Romero ("Defendants") and alleges as follows:

### PARTIES

1.      Plaintiff Autoflex Leasing-Dallas I, LLC is a domestic limited liability company organized under the laws of Texas with its principal place of business in Dallas County, Texas. Plaintiff's principal address is 558 S. Central Expressway, Richardson, Texas 75080.

2.      Defendant Autoflex, LLC is a foreign limited liability company organized under the laws of Florida with its principal place of business located at 1007 N. Main Street, Gainseville, Florida 32601.

3.      Defendant Govinda Romero is an individual and a domiciliary of the state of Florida.

## JURISDICTION

1.      Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

2.      This lawsuit arises under the trademark laws of the United States, specifically 17 U.S.C. §§ 1051, et seq. and 28 U.S.C. §§ 2201, et seq. and the DECLARATORY JUDGMENT ACT.

3.      This Court has exclusive subject matter jurisdiction over this case for trademark infringement under 28 U.S.C. §§ 1331, 1338(a).

4.      This Court also has jurisdiction over the claims in this Complaint under the LANHAM ACT, 15 U.S.C. § 1367.

5.      Plaintiff also brings claims under Texas law for unfair competition and false advertising pursuant to this Court's ancillary and supplemental jurisdiction under 28 U.S.C. § 1367.

6.      This Court maintains personal jurisdiction over Defendants Autoflex, LLC and Govinda Romero, because the Defendants' contacts with Texas arise from, and are directly related to, the causes of action asserted by Plaintiff herein.

7.      Autoflex, LLC maintains a commercial relationship with Texas and its residents by and through the commercial activity and transactions it conducts online.

8.      Defendant Govinda Romero is the registered owner of the website identified as www.autoflexllc.com (hereinafter "Defendants' Website").[1]

9.      Autoflex, LLC advertises, solicits, negotiates, and transacts business in interstate commerce with consumers online though the Defendants' Website.

---

[1] Attached as *Exhibit A*  is true and correct copy of the registration profile for the website identified as www.autoflexllc.com.

10.     The Defendants' Website operates as a virtual store for Texas residents and others to locate, finance, and pay for the vehicles that the Defendant offers.[2]

11.     The Defendants' Website allows Texas residents to shop online and locate a vehicle to purchase from Defendant Autoflex, LLC.

12.     The Defendants' Website allows Texas residents to apply for and obtain credit financing to purchase a vehicle online.[3]

13.     The Defendants' Website allows Texas residents to pay online for the vehicles that Defendant Autoflex, LLC sells.[4]

14.     The Defendants' Website allows the Defendant Autoflex, LLC and Texas residents to communicate and interact with each other in order to facilitate the purchase of Defendant Autoflex, LLC's vehicles.[5]

15.     Defendants Autoflex, LLC and Govinda Romero reasonably anticipate litigation in this District, because Plaintiff has served both Defendants with multiple cease and desist letters pertaining to their infringement of the Plaintiff's Service Mark in this District and the injuries that such infringement continues to inflict.[6]

---

[2] *See, e.g., Tempur-Pedic Int'l, Inc., Go Satelite, Inc., d/b/a Cloud 9 Mattress, et al.,* 758 F.Supp.2d 366, 373 (N.D.Tex.2010) (Fitzwater, C.J.)(exercising personal jurisdiction over Canadian website operator in trademark infringement lawsuit).

[3] Attached as *Exhibit B* is a screenshot of Defendants' credit financing portal.

[4] Attached as *Exhibit C* is a screenshot of the online payment portal maintained on Defendants' Website.

[5] Attached as *Exhibit D* is a screenshot of the online communication portal maintained by Autoflex, LLC on Defendants' Website.

[6] True and correct copies of the cease & desist letters issued to Defendants is attached as *Exhibit* E.

16.     Defendant Autoflex, LLC maintains a prevalent commercial presence within the Texas market and its participants through Defendants' heavy utilization of online, commercial search engines such as Google™.[7]

<u>VENUE</u>

17.     Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

18.     Venue is proper in the Northern District of Texas under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

19.     Specifically, venue is proper in the Northern District of Texas because a substantial part of the events or omissions giving rise to the claims occurred in this District.

20.     Further, venue is proper in this District, because Defendants have committed acts of infringement in this District, entitling Plaintiff to relief.

21.     Defendants have also engaged in false advertising and unfair competition in Texas and in this District.

---

[7] Attached as *Exhibit F* is a Google™ screenshot of Defendant Autoflex, LLC's presence within the Texas marketplace.

## FACTUAL BACKGROUND

22.     Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

23.     Plaintiff Autoflex was founded in 1982 and has become a nationwide leader in the consumer and commercial auto-leasing industry, including the sale of pre-owned vehicles. Plaintiff Autoflex has commercially operated under the name Autoflex since 1984.

24.     Plaintiff has established and maintained a well-recognized brand name and valuable goodwill since its founding in 1982.

25.     Plaintiff's name and brand, Autoflex, has continually remained widely known within the auto-industry in Texas and across the United States, including its consumers and other market participants.

26.     Plaintiff Autoflex is the registered owner of the protected service mark "Autoflex," identified as United States Service Mark Number 1,880,091 ("Autoflex Service Mark").[8]  The Autoflex Service Mark was registered by the United States Patent and Trademark Office on February 21, 1995.[9]

27.     Plaintiff Autoflex has been recognized since 1984 as a leading auto-leasing company.  Specifically, Plaintiff Autoflex has been recognized as "Best in Business" by the Small Business Commerce Association, a national body that recognizes the top five percent of private businesses throughout the United States.

---

[8] Attached as *Exhibit G* is a true and correct copy of United States Service Mark No. 1,880,091.

[9] *Ibid.*

28.     Plaintiff Autoflex was rated "excellent" each year from 2009 through 2013 by Top Ten Reviews, a national and independent body that reviews and rates the products and services of firms across the United States. Plaintiff Autoflex received the Consumers' Choice Award for the quality of its products and services each year from 2008 through the present year.

29.     Plaintiff Autoflex has owned and maintained the website www.autoflex.com since 1995, and has continually facilitated consumer and commercial auto-lease transactions both in Texas and across the United States without interruption.

<u>DEFENDANTS AUTOFLEX, LLC & GOVINDA ROMERO</u>

30.     Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

31.     Upon information and belief, Defendant Autoflex, LLC advertises, finances, and sells pre-owned vehicles.

32.     Upon information and belief, Defendant Govinda Romero is the managing member of Defendant Autoflex, LLC and the Defendant's Website which operates as a virtual store for the sale of pre-owned vehicles.

33.     Upon information and belief, the intentional act(s) and omission(s) of Defendant Autoflex, LLC directly and knowingly infringe upon the Autoflex Service Mark.

34.     Specifically, Defendant Autoflex, LLC utilizes the service mark "Autoflex" in its promotional material and commercial conduct including, *inter alia*, the use of the Autoflex name on Defendants' Website.

35.     Upon information and belief, the intentional act(s) and omission(s) of Defendant Govinda Romero directly and knowingly infringe upon the Autoflex Service Mark.

36.     Specifically, Defendant Govinda Romero acquired and maintains the Defendant's Website.

37.     The Defendant's Website utilizes the service mark "Autoflex" in its promotional material and commercial conduct without the permission and against the consent of Plaintiff Autoflex.

38.     On or about August 1, 2016, counsel for Plaintiff served Defendants Autoflex, LLC and Govinda Romero with a cease and desist demand ("Cease and Desist Demand" or "Demand").

39.     The Demand provided Defendants with a copy of the Autoflex Service Mark and advised Defendants that they were infringing upon the Autoflex Service Mark by using the Autoflex name without consent or other authorization from the Plaintiff.[10]

40.     Defendants have failed to cease or otherwise desist from their infringing conduct and will continue to do so without this Court's intervention.

---

[10] *Ibid.*

<u>COUNT I — INFRINGEMENT OF UNITED STATES SERVICE MARK NO. 1,880,091</u>

41.     Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

42.     Plaintiff alleges that Defendants have infringed directly and indirectly (by inducement and/or contributory infringement) and continue to infringe directly and indirectly United States Service Mark Number 1,880,091 ("Autoflex Service Mark") in this District or otherwise within the United States by utilizing the Autoflex Service Mark without the permission and against the consent of Plaintiff Autoflex.

43.     Plaintiff alleges that at least as of the filing of this complaint, Defendants directly infringe upon the Autoflex Service Mark because the Defendants have induced, caused, urged, encouraged, aided, and abetted their direct or indirect customers and others to utilize the Defendants' Website that infringes upon the protected trademark rights of Plaintiff Autoflex.

44.     Such conduct by the Defendants is intended to and actually resulted in direct infringement of the Autoflex Service Mark.

45.     Defendants do not have a license or other authorization to use or otherwise utilize the Autoflex Service Mark in their commercial activities.

46.     As a direct and proximate consequence of the acts of infringement by the Defendants, knowingly and directly, Plaintiff Autoflex is being damaged and injured, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury and damages to its business and property rights.

47.     In addition, the infringing acts and practices of Defendants have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

48.     Additionally, the injury and damage to Plaintiff Autoflex outweighs any hypothetical damage that an injunction may cause Defendants and the public interest favors the issuance of an injunction in this case.

49.     Plaintiff Autoflex intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the Autoflex Service Mark.

<u>COUNT II — VIOLATION OF SECTION 43 OF THE LANHAM ACT</u>
<u>(15 U.S.C. § 1125)</u>
<u>UNFAIR COMPETITION: FALSE ADVERTISING</u>

50.     Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

51.     Additionally, Plaintiff Autoflex brings claims and causes of action against Defendants for unfair competition, false designations and false advertising under the LANHAM ACT including 15 U.S.C. § 1125 (Section 43 of the LANHAM ACT).

52.     In connection with goods or services, Defendants have and continue to use in commerce words, terms, names, symbols or devices, and/or combinations thereof, and false and misleading descriptions of fact and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the approval of their goods, services or commercial activities by another person; and/or in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of their or another's goods, services or commercial activities.

53.     On direct knowledge and clear information, Defendants have used and continue to use the Autoflex Service Mark in their promotional material and commercial conduct without permission or proper authorization.

54.     Defendants Autoflex, LLC and Govinda Romero, by and through the maintenance and profitable operation of the Defendants' Website, constitutes false and misleading representations.

55.     Specifically, the knowing and unauthorized use of the Autoflex Service Mark by Defendants (1) has carried and continues to carry the capacity to deceive a substantial segment of potential consumers; and (2) constitutes material and commercial representations that are likely to influence the consumer's purchasing decision.

56.     Additionally, but not by way of limitation, on information and belief, Defendants' representations have and continue to in fact deceive a substantial segment of potential customers, and are material, in that they are likely to influence consumers' purchasing decisions.

57.     On information and belief, Defendants' infringing activities persist in interstate commerce.

58.     Plaintiff Autoflex has been or is likely to be injured and damaged as a result of the statements at issue.  Defendants' false or misleading claims usurp a competitive advantage, specifically the well recognized name and goodwill of Plaintiff Autoflex, that should legitimately be held by Plaintiff.

59.     Defendants' false and misleading statements constitute a false advertising violation of the LANHAM ACT including 15 U.S.C. § 1125 (Section 43 of the LANHAM ACT).

60.     There is substantial likelihood that Plaintiff Autoflex will prevail on its claims against Defendants, Defendants' false and misleading representations have injured and will continue to cause immediate and irreparable injury and damage to Plaintiff Autoflex (including to its business reputation and goodwill), and Plaintiff has no adequate remedy at law for these injuries. Such immediate and irreparable damage will continue unless and until Defendants are enjoined by this Court.

61.     The injury and damage to Plaintiff outweighs any hypothetical damage that an injunction may cause Defendants and the public interest favors the issuance of an injunction in this case. Accordingly, Plaintiff Autoflex is entitled to an injunction under 15 U.S.C. § 1116, prohibiting Defendants from further actions in violation of the LANHAM ACT.

62.     Plaintiff is entitled to recover from Defendants: (1) any gains, profits and advantages obtained by Defendants as a result of Defendants' acts alleged herein, (2) any actual and statutory damages that Plaintiff has sustained and will sustain, including treble damages, together with prejudgment and post-judgment interest, and (3) the costs of the action pursuant to applicable law including 15 U.S.C. § 1117.

COUNT III — VIOLATION OF TEXAS LAW<br>UNFAIR COMPETITION AND FALSE ADVERTISING

63.     Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

64.     The conduct of Defendants as described herein violates Texas's unfair competition law.  Such Defendants' conduct is illegal and/or tortious and has interfered and continues to interfere with Plaintiff's ability to conduct its business.

65.     Defendants engaged in business conduct which is contrary to honest practice in industrial or commercial matters. Defendants violated Texas law by engaging in the aforesaid

conduct including but not limited to sending literally false as well as misleading advertisements into and within Texas with the purposeful intent of gaining Texas customers through such wrongful conduct.

66.      Defendants' wrongful conduct in competition with Plaintiff wrongfully provides Defendants a special and unfair advantage in competition.

67.      On information and belief, Defendants have committed one or more of the foregoing wrongful acts and practices in Texas through Defendants' employees and/or agents.

68.      Plaintiff has sustained damages and continues to sustain damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

69.      In accordance with FEDERAL RULE OF CIVIL PROCEDURE 38(b), Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Autoflex prays for the following judgment and relief:

(i)      A judgment that Defendants have infringed, directly and indirectly, upon the Autoflex Service Mark rightfully owned by Plaintiff Autoflex;

(ii)      A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, United States Service Mark No. 1,880,091;

(iii)     A judgment and order requiring Defendants to pay Plaintiff's damages, including enhanced damages under 35 U.S.C. § 284 and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed together with prejudgment and post-judgment interest;

(iv)     A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation with them from further actions in violation of the Lanham Act, pursuant to 15 U.S.C. § 1116, including but not limited to: (1) prohibiting Defendants from, directly or indirectly, using any false or misleading description, statement and/or representation of fact in connection with Defendants' products or services; and (2) requiring Defendants to undertake corrective advertising to remedy their false and misleading advertising;

(v)     A judgment and order requiring Defendants to pay (1) Plaintiff's damages, including any gains, profits, advantages obtained by Defendants as a result of their acts and omissions; (2) any actual and statutory damages that Plaintiff sustained as a result of Defendants' acts, including treble damages, together with prejudgment and post-judgment interest, and (3) the costs of the action pursuant to applicable law including 15 U.S.C. § 1117;

(vi)     A determination that this is an "exceptional case" pursuant to applicable law including without limitation 35 U.S.C. § 285 and 15 U.S.C. § 1117;

(vii)     Pre-judgment and post-judgment interest to the extent allowed by law;

(viii)   An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(ix)   Any and all further relief, in law or in equity, that this Honorable Court deems appropriate on behalf of Plaintiff.

Dated:       September 9, 2016

Respectfully submitted,

**COOPER & SCULLY, PC**

By:   */s/ Benton Williams, II*
      **BENTON WILLIAMS, II**
      Texas Bar No. 24070854
      benton.williams@cooperscully.com

      Founders Square
      900 Jackson Street
      Suite 100
      Dallas, Texas 75202
      Telephone:  (214) 712-9500
      Direct: (214) 712-9544
      Facsimile:  (214) 712-9540

      *COUNSEL FOR PLAINTIFF*
      *AUTOFLEX LEASING-DALLAS I, LLC*

D/952021v1